**Anthony Christopher SOLIS, Petitioner—Appellant,**

v.

**A.A. LAMARQUE, Department of Corrections, Respondent—Appellee.**

**No. 05–55047.**

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2006.*

Filed May 11, 2006.

Alissa Sawano Peterson, Esq., Law Offices of Alissa Sawano Peterson, Irvine, CA, for Petitioner–Appellant.

Anthony Christopher Solis, Corcoran, CA, pro se.

Jonathan J. Kline, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM **

A California jury convicted Petitioner Anthony Christopher Solis of first-degree murder and second-degree robbery in violation of California Penal Code §§ 187(a) and 211, respectively. Petitioner sought federal habeas relief claiming that he received ineffective assistance of counsel when his trial attorney failed to present evidence of a confession made by Israel Guadarrama in which Guadarrama claimed to have single-handedly committed the crimes for which Petitioner was convicted. The district court denied the petition. We review de novo a district court's order to deny a petition for writ of habeas corpus. *Leavitt v. Arave,* 383 F.3d 809, 815 (9th Cir.2004) (per curiam), *cert. denied,* — U.S. ——, 125 S.Ct. 2540, 162 L.Ed.2d 277 (2005). We affirm.[1]

Guadarrama made his alleged confession to a defense investigator after Guadarrama fled the United States for Mexico. Petitioner submitted a transcript of the interview, but did not provide the court with any sworn statement by Guadarrama.

Petitioner failed to meet the prejudice prong of *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He did not demonstrate that the failure to present evidence of Guadarrama's confession rendered the results of his trial unreliable or fundamentally unfair. As the district court noted, there are several discrepancies between Guadarrama's alleged statement and the physical evidence presented at trial. For example, Guadarrama said that he and the victim were alone at the time of the stabbing, but investigators found an additional set of footprints at the scene made by the type of shoes Petitioner was wearing on the night of the crime; Guadarrama insisted that the victim had been smoking cocaine prior to the stabbing but the autopsy found no drugs in the victim's system; and Guadarrama said he did not know about any items taken from the victim, yet several of the victim's belongings were found in Petitioner's possession after the crime. Guadarrama's familial relationship to Petitioner, his safety from apprehension in Mexico, and the absence of any statement under oath, make his credibility even more questionable. Given the unreliable nature of the confession, it cannot be said that its absence rendered the Petitioner's trial unreliable or fundamentally unfair.

In light of the record, we cannot find that the state court's adjudication of the merits resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or that it resulted in a decision that was based on an unreasonable determination of facts. 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Petitioner also asks us to expand the certificate of appealability to include five additional issues. *See* Fed. R.App. P. 22(b) (governing appeals in habeas cases). We decline because Petitioner has not met the standards set forth in 28 U.S.C. § 2253(c)(2) and *Slack v. McDaniel,* 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).